**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4385**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES MARSHALL FOX,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Charles H. Haden II,
District Judge.  (CR-02-255)

———————

Submitted:  June 24, 2004                  Decided:  June 29, 2004

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed in part, dismissed in part by unpublished per curiam
opinion.

———————

Mary Lou Newberger, Federal Public Defender, David R. Bungard,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant.  Kasey Warner, United States Attorney, Joshua C. Hanks,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles M. Fox appeals from his thirty-seven-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon. 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000 & Supp. 2004). Fox's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing whether the district court erred in denying Fox's motion for a downward departure in his sentence. Fox was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm in part and dismiss in part.

We find that Fox's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Fox was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find that the district court properly computed Fox's offense level and criminal history category and correctly determined the applicable guideline range of thirty-seven to forty-six months. The court's imposition of a sentence within the

- 2 -

properly calculated range is not reviewable. <u>United States v. Jones</u>, 18 F.3d 1145, 1151 (4th Cir. 1994).

Fox challenges the court's failure to depart based on his claim that he possessed the majority of the firearms to avoid a greater harm. Because the district court was aware of its authority to depart and declined to do so, the decision not to depart is not reviewable on appeal. <u>See</u> <u>United States v. Bayerle</u>, 898 F.2d 28, 30-31 (4th Cir. 1990). Accordingly, we dismiss this portion of the appeal.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Fox's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>